

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 24, 1960

Mr. Frank M. Jackson             Opinion No. WW-912
Executive Secretary
Teacher Retirement System     Re:  Questions relating to the
Austin, Texas                              payment of the State match-
                                                     ing contribution to the
                                                     Teacher Retirement System
                                                     occurring during the fiscal
                                                     year ending August 31st,
Dear Mr. Jackson:                           1959.

Your request for an opinion reads in part as follows:

"During the fiscal year ending August
31, 1959, the teachers' contributions of the
Teacher Retirement System of Texas exceeded
the estimate of contributions of members by
one million, nine hundred eighty-eight thou-
sand, two hundred fifty-five dollars and nine
cents ($1,988,255.09).  On September 1, 1959,
a letter concerning said deficit in the State's
matching contributions was received from the
Honorable Robert S. Calvert, Comptroller of
Public Accounts, and reads in part as follows:

"..... 'House Bill 5, First Called
Session, 56th Legislature charged the
allocations from the Omnibus Tax Fund,
with the result there is no money avail-
able to transfer to the System'.

"We respectfully request your opinion concern-
ing the following questions:

"1.  Is the Comptroller of Public Accounts
required to pay the Teacher Retirement System
the above deficit in State's matching contri-
butions?

"2.  If the answer to question number one
is in the negative, is House Bill 5 in conflict
with Article 3, section 48-a of the Constitu-
tion of Texas?"

Subsection (3) of Section 2 of Article 7083a, Vernon's Civil Statutes, as amended by House Bill 5, Acts of the 56th Legislature, First Called Session, chapter 1, page 9 at page 10, provides:

"Beginning with the fiscal year starting on September 1, 1959, and annually thereafter, there is hereby allocated and appropriated to the Teacher Retirement System of Texas in accordance with the provisions of Senate Bill No. 47, Acts of the Regular Session, Forty-fifth Legislature, 1937, and any amendments thereto, a sum each year equivalent to the contributions of the members of the Teacher Retirement System during said year. Said annual allocated and appropriated amounts shall be paid to the Teacher Retirement System in equal installments during the months of November, December, March, April, June and July of each fiscal year beginning with the year starting September 1, 1959, based upon the annual estimate by the State Board of Trustees of the Teacher Retirement System of the contributions to be received from the members of said System during each such fiscal year; provided further, that in the event said estimate of the contributions of the members of the System shall vary from the actual amount of the teachers' contributions during the year, then such adjustments as may be required shall be made on the first day of the following fiscal year with any moneys in or due the General Revenue Fund."

Subsection (2) of Section 11 of Article 2922-1, Vernon's Civil Statutes, provides:

"The depositing of the State's contributions shall be made as follows:

"(a) On or before the first day of November, next preceding each Regular Session of the Legislature, the State Board of Trustees shall certify to the State Comptroller for his review and adoption the amount necessary to pay the matching contributions of the State of Texas to the Teacher Retirement System for the ensuing biennium. This amount shall be included in the budget of the State which the Governor submits to the Legislature. The State Board of Trustees shall certify on or before

August 31st of each year to the State Comp-
troller of Public Accounts and to the State
Treasurer the estimated amount of contribu-
tions to be received from members during the
ensuing year.

"(b) All monies allocated and appropria-
ted by the State to the Teacher Retirement
System shall be paid to the Teacher Retirement
System in monthly installments as provided in
House Bill No. 8, Acts of the Regular Session,
47th Legislature. Each of said monthly install-
ments shall be paid into the State Contribution
Fund."

The current appropriation to the Teacher Retirement Sys-
tem reads as follows:

"TEACHER RETIREMENT SYSTEM

| | | For the Years Ending | |
| --- | --- | --- | --- |
| | | August 31, 1960 | August 31, 1961 |
| "1. | There is hereby appropriated and the Comptroller and Treasurer are authorized and directed to trans-fer into a special trust account in the hands of the Treasurer, the unexpended balances as of August 31, 1959, of the various funds of the Teacher Retirement System, es-timated as follows: | | |
| | Teacher Savings Fund No. 133... | $1,200,000 | |
| | State Contribution Fund No. 134 | 1,000 | |
| | Retired Reserve Fund No. 135... | 105,000 | |
| | Interest Fund No. 136.......... | 1,000,000 | |
| | Expense Fund No. 137........... | 75,000 | |
| | Investment Fund No. 138........ | 975,000 | |
| "2. | There is hereby appropriated and al-located out of the Omnibus Tax Clear-ance Fund to the Teacher Retirement System the State contributions neces-sary to match member contributions, estimated to be..................... | 31,700,000 | $32,800,000 |
| | TOTAL ESTIMATED APPROPRIATIONS, TEACHER RETIREMENT SYSTEM........... | $35,056,000 | $32,800,000" |

From September 1st, 1959, all funds in the Teacher Retire-
ment System constitute a separate trust account with the State

Treasurer as custodian rather than funds in the State Treasury. Attorney General's Opinions WW-565 (1959) and WW-600 (1959). Thus, it is necessary to issue a warrant on the State Treasury to transfer money to the Teacher Retirement System out of the State Treasury into a special trust fund of the Teacher Retirement System in the custody of the State Treasurer.

We are informed by the Comptroller's Office that all the sums appropriated to the Teacher Retirement System for the fiscal year ending August 31st, 1960 have been paid to the Teacher Retirement System. While the Legislature authorized the payment of the deficit mentioned in your request from the General Revenue Fund, no appropriation for this deficit was made to the Teacher Retirement System. Therefore, you are advised that the Teacher Retirement System has a claim against the General Revenue Fund of the State of Texas for this deficit, which may be paid when such sum is appropriated by the Legislature. Article III, Sec. 48a, Texas Constitution, H.B. 5, Acts of the 56th Leg., 1st C.S., 1959, ch. 1, p. 9. In this connection, it is noted that the appropriation contained in Item 2 of the appropriation to the Teacher Retirement System was made out of the Omnibus Tax Clearance Fund and did not appropriate any additional sum from the General Revenue Fund. As is noted above, this fund has been completely exhausted for the fiscal year ending August 31st, 1960.

In answer to your first question, you are therefore advised that the Comptroller of Public Accounts is not authorized to issue a warrant at the present time payable to the Teacher Retirement System for the deficit of the State's matching contribution, for the reason that no money has been appropriated for that purpose.

In answer to your second question, the provisions of House Bill 5, Acts of the 56th Legislature, First Called Session, are constitutional. Attorney General's Opinion WW-640.

## SUMMARY

No appropriation to the Teacher Retirement System for the payment of any deficit in State matching contribution having been enacted, the Comptroller of Public Accounts is not authorized to issue a warrant for the

payment of the deficit in the State's matching contributions resulting from the teachers' contribution of the Teacher Retirement System exceeding the estimate of contributions made by the System.

Such deficit constitutes a claim which may be paid when an appropriation is made to the Teacher Retirement System for such deficit, as provided in Article 7083a, Vernon's Civil Statutes.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John Reeves
John Reeves
Assistant

JR:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

F. C. Jack Goodman
Phocion S. Park III
W. Ray Scruggs

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee, Jr.